EAST TEXAS FIRE INS. CO. v. H. BRIN.

(No. 2653.)

APPEAL from Kaufman County.  Opinion by HURT, J.

WHITAKER & BONNER, counsel for appellant.

B. F. WORD, counsel for appellee.

§ **333.** *Fire insurance policy; stipulations attached to, held invalid; case stated.*   H. Brin was a merchant doing business in Brownwood, Texas.   On the 26th day of September, 1885, and on the 4th day of November, 1885, respectively, he took out a policy of insurance in the East Texas Fire Insurance Company, each for the sum of $500, and to run one year respectively from the dates above given, and being numbered 24,687 and 24,692; both of which policies are, by order of the court below, sent up with the record.   The usual form of policy was used, but all of that part of same which is usually known and described as the "written" portion of a policy was contained in a printed form, the blanks of which were filled out with a pen, and, in addition to a description of the character and location of the goods, contained the following clause, to wit:

"The assured, under this policy, hereby covenants and agrees to keep a set of books showing a complete record of the business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business; and further covenants and agrees to keep such books and inventory securely locked in a fire-proof safe at night and at all times when the store is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where the business is carried on; and in case of loss the assured agrees and covenants to produce such books and inventory, and in the event of a failure to produce the same this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss."

"Ten thousand dollars additional concurrent insurance permitted."

"This slip to be attached to and form a part of policy No. (here follows the number) of the East Texas Fire Insurance Company.       WILL H. MAYES, Agent."

This slip was pasted or attached to the policies on the face of them, and in that part of the policies where it

would necessarily have been written had not the slip been used. On January 31, 1886, the stock of merchandise covered by said policies was destroyed, but the assured being unable to produce the last inventory (taken January 14, 1886) and one of his books, they having been left out of his safe on the night of the fire and burned up in the fire which destroyed the goods, the company declined to pay said loss, and this suit was filed on the 1st day of September, 1886, to recover the value of said policies.

The defendant interposed a general demurrer and a special exception setting out said condition with reference to the safe-keeping and production of said books and inventory, and demurring to said petition because it did not show that the same had been complied with; a general denial, and a special plea setting up said condition and warranty and the breach of it.

Plaintiff replied to said answer substantially as follows: That he had kept all the conditions of said policy, including this one, and that he had kept a set of books such as was required, as well as the inventory, and kept them in the safe as required, but that one of his books and the last inventory had been lost or mislaid since the fire without fault on his part; hence he was not able to produce same.

A trial of this case was had, and judgment rendered in favor of plaintiff for the sum of nine hundred and sixty-two dollars ($962), from which judgment the defendant appealed.

*Held:* It is contended by appellant that this case is different from the case of Goddard v. East Tex. Fire Ins. Co., 67 Tex. 69, in that the slip in the Goddard case did not contain a description of the property, while the slip in this case does; that the iron-safe clause in the Goddard case had no penalty provided for a failure to observe it, while in this case a penalty is provided; that in the Goddard case the iron-safe clause did not refer in any way to the policy, while in this case it does. Conceding

the differences, we regard the decision in the Goddard case as applicable to and decisive of this case, the principle involved being precisely the same.

December 10, 1887.                   Affirmed.